# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JULIO DAVID ALPHONSO,

    *Petitioner*,

vs.

TAMYRA JARVIS, *et al.,*

    *Respondents*.

2:12-cv-02035-JCM-CWH

ORDER

This habeas matter challenging a Nevada state conviction comes before the court for initial review. The filing fee has been paid.

The papers presented are subject to multiple substantial defects.

First, petitioner did not use the court's habeas petition form as required by LSR 3-1 of the local rules. Petitioner instead used a national form. He must use this court's form.

Second, petitioner omitted the signature page from the form that he used, and he thus neither signed the petition nor verified the petition. He must both sign the petition and verify the allegations in a separate declaration signed under penalty of perjury.

Third, petitioner did not name a Nevada state officer as a respondent. He instead named only his current federal custodian and the attorney general for Florida. In the context of an out-of-state prisoner challenging a Nevada conviction, the petitioner must name, at the very least, the attorney general for Nevada in addition to his immediate custodian. *Cf.* Rule 2(b) of the Rules Governing Section 2254 Cases and 1976 Advisory Committee Notes thereto. The court expresses no opinion as to the proper forum for such an action.

1  Due to these multiple substantial defects, the petition in this improperly-commenced
2  action will be dismissed without prejudice.  It does not appear that a dismissal without
3  prejudice would materially affect the analysis of either the timeliness of a promptly-filed new
4  petition or other issues therein.[1]

5  IT THEREFORE IS ORDERED that the petition shall be DISMISSED without prejudice.

6  IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of
7  reason would not find the dismissal of this improperly-commenced action to be either
8  debatable or incorrect, given the absence of any substantial prejudice to petitioner from the
9  dismissal without prejudice.

10  The clerk of court shall send petitioner with this order two copies each of the noncapital
11  habeas petition form and prisoner pauper application from along with one copy of the
12  instructions for each form and of the papers submitted in this action.

13  The clerk shall enter final judgment accordingly, dismissing this action without
14  prejudice.

15  DATED:  December 5, 2012.

_____
JAMES C. MAHAN
United States District Judge

---

[1] The papers presented together with the online dockets of the state courts reflect the following. Petitioner was convicted, pursuant to a guilty plea, of trafficking in a controlled substance.  The judgment of conviction was filed on May 29, 1990, and petitioner did not file a direct appeal.  It does not appear from the available records that there was a state proceeding pending collaterally challenging the conviction during the one-year period following the April 24, 1996, effective date of the AEDPA, which commenced the running of the federal limitation period.  It thus would appear probable that the federal limitation period expired more than 14 years ago absent substantial tolling or delayed accrual separate and apart from the interval between the dismissal of this action and a promptly-filed new action.  Moreover, it appears that petitioner was sentenced in 1990 to a three-year sentence.  The state courts recently denied state post-conviction relief because petitioner neither currently was in custody under the judgment nor was subject to any remaining uncompleted time on the sentence.  *See Alphonso v. State*, No. 58878 (Nev., Dec. 7, 2011).  The question of whether petitioner currently is in custody under the challenged judgment for purposes of federal habeas jurisdiction thus similarly would not appear to be materially affected by a dismissal without prejudice of the present action.  Finally, even if the court were to assume, *arguendo*, that petitioner might not be able to pay the $5.00 filing fee for a second action, he nonetheless then would be able to proceed *in forma pauperis* on a properly-completed pauper application, such that a dismissal without prejudice of the present action would not lead to prejudice on that basis.